**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4790

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AMIN J. HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (CR-04-24)

Argued:  May 27, 2005                    Decided:  July 20, 2005

Before WILKINS, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Robert J. Wagner, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Stephen Wiley Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Frank W. Dunham, Jr., Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Amin J. Harris challenges his conviction for being a felon in possession of a firearm, see 18 U.S.C.A. § 922(g)(1) (West 2000). He argues that the evidence was insufficient to support his conviction, that the district court abused its discretion in denying his motion for a new trial, and that comments and actions of the district court evinced bias that made a fair trial impossible. We find no reversible error and therefore affirm the conviction.

I.

In the early morning hours of January 1, 2004, 800 to 900 people were celebrating the new year inside the Canal Club on Cary Street in the Shockoe Bottom section of Richmond. When the club closed at 2:00 a.m., hundreds of people filled the streets, and chaos erupted. From inside their cars, many began firing shots into the air; some 250 shots were fired by the conclusion of the incident.

Three police officers were on the scene and witnessed Harris firing a pistol from the passenger seat of a tan Buick. He was arrested for discharging a firearm in public and ultimately charged with being a felon in possession of a firearm. There were two others in the vehicle with Harris: James Edwards, the driver, and Esan Jordan, a back-seat passenger. Two firearms were recovered from the front floorboard of the vehicle.

2

Harris was given <u>Miranda</u> warnings and taken to the sheriff's office for processing. While there, he continually talked with those around him, insisting that he was not the person who fired the weapon. Tired of hearing him talk, an officer said, "Shut up, man, I have heard enough. You know what you did." J.A. 227 (internal quotation marks omitted). To that, Harris responded, "All right, man, I shot the gun," adding, "I shot the gun three times." <u>Id.</u> (internal quotation marks omitted).

Tried before a jury, Harris was convicted of violating § 922(g)(1). Shortly after the verdict, he filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The basis for his motion was an affidavit signed by Jordan claiming that he, not Harris, had fired the weapon. After a hearing at which several witnesses including Jordan testified, the district court denied the Rule 33 motion, concluding that Jordan's testimony was not newly discovered evidence that would likely have resulted in acquittal. The district court sentenced Harris to 63 months' imprisonment.[*]

II.

Harris first argues that the evidence introduced against him at trial was insufficient to support his conviction for being a felon in possession of a firearm. We disagree.

---

[*]Harris does not challenge his sentence under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

In resolving an evidence-sufficiency challenge, we are limited to considering whether "there is substantial evidence, taking the view most favorable to the Government, to support" the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). When "the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). Therefore, we will overturn a verdict on grounds of evidence sufficiency only "where the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978).

To sustain a felon-in-possession conviction under § 922(g)(1), the Government must establish that (1) the defendant previously had been convicted of a felony, (2) the defendant knowingly possessed a firearm, and (3) the possession was in or affecting interstate commerce. See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Harris concedes that he is a felon and that his possession, if established, affected interstate commerce. He argues only that the Government failed to prove that he knowingly possessed a firearm.

Specifically, Harris notes that the incident outside the Canal Club lasted only a matter of seconds and occurred late at night, amidst the chaos of hundreds of scrambling people. He adds that only one of the three officers who testified actually saw his face; the firearms were seized from the driver side of the Buick, not the

4

passenger side where he had been seated; no fingerprints were on the firearms; no conclusive expert testimony tied him to the firearms; and his confession ("All right, man, I shot the gun.") was not documented in a contemporaneous police report. This confluence of circumstances, he argues, resulted in "insufficient evidence for a jury to find that [he] possessed a firearm." Br. of Appellant at 32.

Harris overlooks, however, that the Government introduced evidence that he was in the seat occupied by the shooter; the firearms recovered from the Buick were within his reach; at least one officer saw his face during the incident; none of the officers observed someone attempting to lean from the back seat, where Jordan was seated, out the front passenger-side window; streetlights illuminated the area at the time; and Harris later confessed to possessing the firearm. While reasonable people may disagree about whether Harris did indeed possess the firearm, the Government did not completely fail to prove this element, and a rational trier of fact could have found that Harris knowingly possessed the firearm. Therefore, the evidence was sufficient to sustain his conviction.

### III.

Harris next argues that the district court erred in denying his motion for a new trial on the basis of a post-trial affidavit submitted by Jordan, the back-seat passenger of the Buick. Harris

contends that the Jordan affidavit represented newly discovered evidence that warranted a new trial. We again disagree.

Rule 33(a) of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." To justify a new trial based on newly discovered evidence, a defendant must establish five elements: (1) the evidence must be, in fact, newly discovered; (2) the defendant must have been diligent in finding the new evidence; (3) the new evidence must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) it must be of such nature that, on a new trial, it would probably produce an acquittal. See United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995). "Without ruling out the possibility that a rare example might exist, we have never allowed a new trial unless the defendant can establish all five elements." Id. A decision of the district court not to grant a new trial under Rule 33 is reviewed for abuse of discretion. See id.

The district court denied Harris' Rule 33 motion for two reasons: (1) Jordan's testimony may have been newly available, but it was not newly discovered, and (2) Jordan's testimony would not have resulted in Harris' acquittal, given the other significant evidence of Harris' guilt. We need not address the first ground because we believe that the district court did not abuse its

6

discretion in concluding that Jordan's testimony would not have resulted in Harris' acquittal.

Jordan's testimony at the hearing was riddled with inconsistencies and changing stories. He also suffered from bias and credibility issues. In contrast, the three police officers testified with great consistency. And, as noted above, one officer testified that Harris admitted to the crime. In light of this evidence, the district court did not abuse its discretion in concluding that Jordan's testimony, if added to the mix of evidence introduced at trial, would not have resulted in acquittal. See United States v. Henry, 136 F.3d 12, 23 (1st Cir. 1998) ("[T]he judge who tried the case is best equipped to examine the issue of whether the new evidence would likely result in an acquittal."). Because the district court did not abuse its discretion in concluding that Harris failed to establish all five elements set forth in Singh, we reject Harris' argument on this issue.

## IV.

Finally, Harris argues that several comments and decisions made by the district court evinced a bias against him that warrants reversal of his conviction. Because Harris did not raise this issue in the district court, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish our authority to notice plain error, Harris must show that an error occurred, that the error was plain,

7

and that the error affected his substantial rights.  See Olano, 507 U.S. at 732.

Although Harris goes to great lengths to identify comments and decisions made by the district court that, in his view, evinced improper bias against him, Harris does not explain how, if at all, those comments and decisions affected his substantial rights. Under the third prong of the Olano plain-error test, therefore, Harris has failed to demonstrate that this alleged error warrants reversal.

V.

For the reasons stated above, we find no reversible error and affirm Harris' conviction.

AFFIRMED